## Hannah Fritz et al., Appellants, *v.* Thomas A. Menges.

*Deed—Condition—Validity of condition.*

A condition may be made of anything that is not illegal or unreasonable, such as that the grantee shall support the grantor during life, on the principle that the owner of the land who is not obliged to transfer it at all, may attach to its transfer such conditions and restrictions as he pleases, and in view of which the grantee takes the land so long as they are not in contravention of any policy of law.

A conveyance upon condition subsequent passes the title to the grantee subject to be divested by failure to perform the conditions.

*Deed—Conditions—Provision for support of grantor and wife.*

An instrument in writing which was designated in the instrument itself an "Article of Agreement" provided as follows: "G. doth hereby covenant and agree to let unto M. all that farm . . . . on the following conditions." Among the conditions enumerated were that G. should furnish one half the grain and farming implements, and pay one half the taxes. M. was to furnish one half the grain and implements and pay one half the taxes; "also to perform all the work necessary to be done, and connected with and about the farm, and to keep all fences on the premises in good repair, and everything generally on the premises in good condition. . . . This agreement to take effect April 1, 1889 for a term as set forth in part second of this agreement. In consideration whereof M. doth hereby promise and agree with G. to comply with each and every act and condition as above mentioned." Part second provided as follows: "G. and wife doth hereby further agree to and with the said M. that if the said M. shall and will from time to time strictly comply with the conditions of the agreements as above stipulated, and in addition, at the request of the said G. and wife, do such work as shall be necessary to be done for them, such as furnishing fuel and providing for provisions and nurses and care for them in case of sickness, then I the said G. and wife, hereby grant to him the said M. one day after my and my wife's death the farm or tract of land as described in part first of this agreement, his heirs and assigns forever, and free of all encumbrances." M. took possession within three months after the execution of the instrument, performed the conditions and stipulations, and made valuable improvements on the land. He continued in possession

during the joint lives of G. and his wife, and the life of the survivor. After the death of the latter the heirs of G. brought an ejectment against M. *Held*, (1) that the instrument was not a lease; (2) that the agreement disclosed a valuable consideration; (3) that the contract was executed; (4) that even if it were executory it would be enforced in equity because (*a*) there was nothing unreasonable in its terms; (*b*) it contained words of inheritance; (*c*) M. had fully complied with its terms; (*d*) the contract was perfectly fair; (5) that the agreement was properly admitted in evidence; (6) that the testimony of M. was admissible to show what he had done in the way of performing the conditions of the agreement; (7) that evidence to the effect that M. had removed timber from the land was irrelevant.

*Equity—Executory contract—Words of inheritance.*

An executory contract will pass a fee simple in equity without words of inheritance.

*Ejectment—Evidence—Cutting timber*

In ejectment, testimony that defendant had cut and removed timber from the land in controversy is incompetent and irrelevant.

Argued Oct. 14, 1896.  Appeal, No. 166, Oct. Term 1896, by plaintiffs from judgment of C. P. Somerset County, Sept. Term 1894, No. 205, on verdict for defendant.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Ejectment for a tract of land in Allegheny township.  Before LONGENECKER, P. J.

At the trial it appeared that the plaintiffs claimed as heirs at law of John Geiger.  The defendant claimed title under the following instrument in writing:

This article of agreement, made and entered into this 15th day of December, A. D. 1888, by and between John Geiger, of Allegheny township, Somerset county, Pa., of the one part, and Thomas A. Menges, of Summit township, same county and state, of the other part, to wit:

" Part First.  The said John Geiger doth hereby covenant and agree to let unto the said Thomas A. Menges all that farm or tract of land which he now occupies, situated in the township of Allegheny, county of Somerset and State of Penna., adjoining lands of Sturtz Bros., Jacob Troutman, U. Poorbaugh and others, containing about 200 acres, on the following conditions: The said John Geiger agrees to furnish one-half of all grain used and needed for seeding, and one-half of all farming imple-

ments to be used in cultivating said farm, and the use of one horse and feed for same, and to allow and grant unto the said Thomas A. Menges to receive one-half of all the proceeds raised on said farm; also to pay one-half of all taxes to be levied and assessed on the farm from year to year, and the said Thomas A. Menges is to find one-half of all in comparison as above mentioned, and to pay the other half of all taxes, also to perform all the work necessary to be done and connected with and about the farm, and to keep all fences on the premises in good repair, and everything generally on the premises in good condition; also reserves the right of cutting any timber except such as shall or may be needed in and about the premises, fencing, fuel, etc. This agreement to take effect April 1, 1889, for a term as set forth in Part Second of this agreement. In consideration whereof the said Thomas A. Menges doth hereby promise and agree with the said John Geiger to comply with each and every act and condition as above mentioned.

"Part Second. The said John Geiger (and Elizabeth his wife) doth hereby further agree to and with the said Thomas A. Menges that if the said Thomas A. Menges shall and will from time to time strictly comply with the conditions of the agreements as above stipulated, and in addition, at the request of the (said) John Geiger and Elizabeth his (wife), do such work as shall be necessary to be done for them, such as furnishing fuel and providing for provisions and nurses and care for them in case of sickness, (then) I (the said John Geiger and wife do) hereby grant to him (the said Thomas A. Menges) one day after my and my wife's death the farm or tract of land as described in Part First of this agreement, his heirs and assigns forever, and free of all encumbrances.

"In witness whereof we have hereunto set our hands and seal, this 15th day of December, A. D. 1888.

" J. GEIGER, [L. S.]

" ELIZABETH GEIGER, [L. S.]

" THOMAS A. MENGES, [L. S.]

"Signed, sealed and delivered in the presence of us.

" H. E. MILLER,

" JOHN H. MILLER,

" JACOB EMERICK."

The evidence showed that defendant had gone into posses-

sion of the land within three months from the date of the agreement, had performed the conditions of the agreement, made valuable improvements upon the land, and continued in possession until the death of Mrs. Geiger, who survived her husband.

The defendant offered in evidence the agreement.

Plaintiffs objected to it for the following reasons : First, it has been shown by the scrivener and one of the attesting witnesses that at the time of the alleged execution of the agreement it was not completed; that the signature of Elizabeth Geiger, wife of John Geiger, was to be obtained to the instrument; that that was not done during the lifetime of John Geiger, and therefore the instrument was never perfected and the agreement was incomplete, and not a consummated contract. Second, the agreement is not a conveyance of the land in dispute, and therefore no title passed to the defendant thereby. Third, that by the terms of the agreement John Geiger and his wife were only to execute a conveyance upon certain conditions depending entirely upon the volition of Geiger and his wife, and as their volition was not exercised in the lifetime of John Geiger the agreement is of no force or effect so far as concerns conveying title to the land in dispute. Fourth, the agreement is irrelevant and immaterial. Fifth, at most the agreement evinces a purpose or promise on the part of John Geiger and wife to make testamentary disposition of the real estate referred to in favor of the defendant upon conditions satisfactory to the said Geiger and wife, and the purpose not having been carried into effect by Geiger in his lifetime, the paper is wholly inoperative as a conveyance of real estate, and therefore inadmissible in this case.

The Court: We will admit the paper, and note an exception to the plaintiff. [1]

When Carrie Beck, a witness for the defendant was on the stand, defendant made the following offer :

Mr. Hay : We now propose to prove by this witness that Mr. Menges moved there in the spring of 1889 and commenced to farm this tract of land on shares, he to furnish one half of the farming implements and one half of the seed and pay one half of the taxes and that he repair one half of the fences. That he furnished fuel for them, that he went to mill, and did whatever was necessary to bring produce to the house for the

old folks. That he cared for them when he and his wife were sick and performed all the covenants and agreements that he was to perform under this agreement. That in the first year, in 1889, Mr. Menges made improvements in the house during the lifetime of John Geiger and built a spring house; and that in the lifetime of Mrs. Geiger he made further improvements on the farm. That on the day the agreement was made Mr. Geiger said he and Menges were going to Johnsburg to make an agreement, and stated in substance the provisions of the agreement, and that if he (Menges) would do well or perform what he was to do he would have the property at his wife's death.

Mr. Ruppel: That is objected to for the following reasons: First, the declarations of Geiger made prior to the execution of the agreement are inadmissible because (*a*) a title to real estate cannot be affected by parol, and (*b*) all declarations or agreements in parol are merged in the written agreement. Second, the possession taken by Menges and the work done by him, as alleged in the offer, were done by him as a tenant under the portion of the agreement which is a lease of the premises, and cannot affect the title to the land. Third, the testimony is irrelevant and immaterial.

The Court: We admit the testimony indicated by the offer, except the declarations of John Geiger; the contract made by the parties and offered in evidence must speak for itself as to its terms and the understanding of the parties thereto. Exception. [2]

Plaintiffs offered to prove that in the present year he (Menges) has taken off several hundred dollars' worth of bark and timber.

The Court: We exclude the testimony; we do not think it is admissible to affect the title to the parties. [3]

The plaintiffs' point was as follows:

Under all the evidence in the case, the verdict must be for the plaintiffs for the land in dispute.

The court directed a verdict for plaintiffs, reserving the plaintiffs' point. The defendant excepted. Subsequently the court entered judgment for defendant non obstante veredicto. Plaintiffs appealed.

*Errors assigned* were, (1–3) rulings on evidence, quoting the

bills of exceptions; (4) entry of judgment non obstante vere-
dicto.

*J. L. Pugh* and *W. H. Ruppel*, with them *A. H. Coffroth*, for
appellants.—The agreement was not a deed but a lease.

The agreement was executory: Stouffer v. Coleman, 1 Yeates,
393; Sherman v. Dill, 4 Yeates, 295; Stokely v. Trout, 3 Watts,
163; Kenrick v. Smick, 7 W. & S. 41; Williams v. Bently, 27
Pa. 294; Ogden v. Brown, 33 Pa. 247; Stewart v. Lang, 37
Pa. 201; Willey v. Day, 51 Pa. 51; Perry v. Scott, 51 Pa. 119;
Turner v. Scott, 51 Pa. 126; Frederick's App., 52 Pa. 338;
Shirley v. Shirley, 59 Pa. 267; Reitz's App., 64 Pa. 162; Phillips
v. Swank, 120 Pa. 76; Dreisbach v. Serfass, 126 Pa. 32.

Another reason for holding that this paper is inoperative as
a deed of conveyance, is that it is to take effect in the future:
Roe v. Tranmarr, 2 Smith's Leading Cases, part 1, 524; Leaver
v. Gauss, 62 Iowa, 314; Wall v. Wall, 64 Am. Dec. 147; Babb
v. Harrison, 9 Richardson's Eq. 111; Brown v. Mattocks, 103
Pa. 16.

If this agreement be held to be a mere executory contract,
then the question arises whether the defendant has such an
equity as would move a chancellor to decree a specific perform-
ance of the contract under all the circumstances: Kenrick v.
Smick, 7 W. & S. 41; Williams v. Bentley, 27 Pa. 294; Simp-
son v. Breckenridge, 32 Pa. 287.

Under all the circumstances, Menges would not be entitled
to a decree of specific performance, even if the agreement be
construed to go beyond the mere expression of an intention,
and held an executory contract for the sale of the land: Rowan's
App., 25 Pa. 292; Dalzell v. Crawford, 1 Parsons, 37; David-
son v. Little, 22 Pa. 245; Hammer v. McEldowney, 46 Pa. 334;
Freetly v. Barnhart, 51 Pa. 279; O. C. R. R. v. A. & G. W.
R. R., 57 Pa. 65; Backus' App., 58 Pa. 186; Weise's App., 72
Pa. 351; Wistar's App., 80 Pa. 484; Ballard v. Ward, 89 Pa.
358; Rennyson v. Rozell, 106 Pa. 407; Friend v. Lamb, 152
Pa. 529; Maguire v. Hearty, 163 Pa. 381; Waterman on Spe-
cific Performance of Contracts, secs. 159, 170, 179, 180, 186.

That the court below was right in holding that the agree-
ment was to be construed by the court without aid from parol
testimony, is clear from the following cases: McWilliams v.

Martin, 12 S. & R. 269; Fox v. Foster, 4 Pa. 119; 5 Am. & Eng. Ency. of Law, 424.

Menges cannot be held to have taken possession of the property under the second part of the agreement, because his possession must be referred to the first part relating to tenancy: Willey v. Day, 51 Pa. 51.

There was no consideration to support a conveyance, and therefore the court should have permitted the verdict for the plaintiffs to stand: Wolff's App., 123 Pa. 438.

*W. H. Koontz* and *Valentine Hay*, with them *John G. Ogle*, for appellee.—If "Part First" of the paper stood alone and contained no reference to "Part Second" and omitted the undertaking of Menges, it might perhaps be termed a lease, but taken in connection with the covenant of Menges in "Part First" and the whole of "Part Second," it can scarcely be seriously contended that it is only a lease.

In this case there is a present grant of the land, and no provision whatever for further conveyance: Gray v. Blanchard, 1 Am. Law Leading Cases of Real Property, 127; Spaulding v. Hallenbeck, 39 Barb. 79; Sheaffer v. Sheaffer, 37 Pa. 525. Hershman v. Hershman, 63 Ind. 451; Rollins v. Riley, 44 N. H. 9; Rowell v. Jewett, 69 Me. 293; Tanner v. Van Bibber, 2 Duv. 550; Wilson v. Wilson, 38 Me. 18; Marwick v. Andrews, 25 Me. 525; Barker v. Cobb, 36 N. H. 344; Eastman v. Batchelder, 36 N. H. 141.

A conveyance upon conditions subsequent passes the title to the grantee, subject to be divested by the failure to perform the conditions: Towle v. Remsen, 70 N. Y. 303; 4 Kent's Commentaries, 125; 2 Blackstone's Commentaries, 154.

But even if the contract is construed to be executory we think the defendant has a good title to the land in dispute: Ogden v. Brown, 33 Pa. 247; Phillips v. Swank, 120 Pa. 76; Johnson v. McCue, 34 Pa. 180; Dreisbach v. Serfass, 126 Pa. 32.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 4, 1897:

In the language of plaintiffs' only point, the learned trial judge instructed the jury that, "under all the evidence in the case, the verdict must be for the plaintiffs for the land in dispute;" and accordingly a verdict was taken, subject to the

opinion of the court on the question of law presented by said point.   The defendant alone excepted to this ruling; but, inasmuch as judgment non obstante veredicto was subsequently entered in his favor on the question reserved, he of course abandoned his exception; and no question, as to the form of the reservation, has been raised here by either party.

Waiving any question as to the regularity of the reservation, and considering the case, as the parties have done, on its merits, we are by no means convinced that the learned judge's construction of the instrument, upon which defendant's claim of title in himself depends, is not substantially correct.   On the contrary, for reasons given in the opinion of the learned judge, we think the instrument in question was correctly construed.

There is no valid ground on which it can be successfully contended that the instrument in question is neither an executed nor an executory contract, but simply a lease.   If that portion of it, designated as "Part First" stood alone, and contained no reference to "Part Second" and omitted the undertaking of the defendant, there might be some ground for construing it to be a lease.   But in construing the paper both parts must be taken together; and when thus considered as a whole, it is very evident that it is not simply a lease.

With still less show of reason can it be considered nudum pactum.   In the services to be rendered by the defendant, and which were actually performed by him, the agreement clearly discloses a valuable consideration.

Some of the authorities cited by plaintiffs in support of their further position that at most the agreement is merely executory, are not in point.   While the instruments to which they refer do contain words of present assurance of the land, they also provide for a future conveyance of the same.   In the case at bar, there is a present grant of the land without any provision whatever for a future conveyance.   The operative words are: " (then) I (the said John Geiger and wife do) hereby grant to him (the said Thomas A. Menges) one day after my and my wife's death the farm or tract of land described in Part First of this agreement, his heirs and assigns forever, and free of all incumbrances."   We thus have a present grant—containing words of inheritance —on conditions to be performed by the grantee, followed by possession taken by him within less than three months after the

execution of the instrument, and performance by him of the conditions and stipulations; and in addition thereto, valuable improvements made by him on the land, and continuous possession thereof during the joint lives of the grantor and his wife and the life of the survivor.

In Gray v. Blanchard, 1 Leading Cases, Am. Law of Real Prop. 127, it is said: "A condition may be made of anything that is not illegal or unreasonable, on the principle that the owner of the land, who is not obliged to transfer it at all, may attach to its transfer such conditions and restrictions as he pleases, and in view of which the grantee takes the land so long as they are not in contravention of any policy of law. . . . A very common condition in rural districts is that the grantee shall support the grantor during life:" Id. 128, and cases there cited.

In the case before us, the conditions are: "Shall and will from time to time strictly comply with the conditions of the agreements as above stipulated, and in addition, at the request of said John Geiger and Elizabeth, his wife, do such work as shall be necessary to be done for them, such as furnishing fuel and providing for provisions and nurses for them in case of sickness," etc.

This language fully meets the requirements stated in Gray v. Blanchard, supra; and, in view of the undisputed facts that the defendant fully performed all the conditions and stipulations contained in the agreement, etc., and that no complaint was ever made by either the grantor or his wife, the title in fee, on the death of Geiger and his wife became absolute in the defendant. As was held, in Evenson v. Webster, 44 Am. Rep. 802, "A conveyance upon condition subsequent, passes the title to the grantee, subject to be divested by failure to perform the conditions. The rule that the title passes in such conveyances is generally recognized: Fowle v. Remsen, 70 N. Y. 303; 4 Kent's Com., 125; 2 Blackstone Com., 154."

Assuming for argument's sake merely that the contract is only executory, the question would then arise whether it is such a contract as a chancellor would enforce. We think it is, because (1) there is nothing unreasonable in its terms. It imposes on the defendant certain conditions, the performance of which on his part becomes absolutely necessary. (2) It contains words of

inheritance which, in equity are not even required in an executory contract. "An executory contract will pass a fee simple in equity without words of inheritance:" Ogden v. Brown, 33 Pa. 247; Phillips v. Swank, 120 Pa. 76. (3) There was full compliance by defendant with its terms and conditions, and no complaint to the contrary was ever made by either the grantor or his wife. (4) The contract is perfectly fair. While it is informal, its terms are sufficiently clear and capable of ascertainment. There is no allegation of fraud or imposition in its procurement.

Other authorities, among which are Johnson v. McCue, 34 Pa. 180, Dreisbach v. Serfass, 126 Pa. 32, are cited in support of the principle; but further elaboration of the subject is unnecessary. As already stated, the operative words of the contract under consideration—unqualified by anything therein contained —justified the conclusion that it was an executed contract and not an executory agreement to convey.

On the trial it was admitted that title to the land in controversy was in John Geiger prior to December 15, 1888, the date of the instrument referred to; that on March 17, 1890, John Geiger died intestate, leaving to survive him a widow, Elizabeth Geiger, and collateral heirs, but no lineal descendants, and that in January, 1893, the widow died. In same connection the plaintiffs proved that they are the heirs of John Geiger, and put in evidence the writ, etc.

To meet the prima facie case thus presented by the plaintiffs, the defendant proved that he went into possession of the land under and in pursuance of said contract of December 15, 1888; that he complied with all the terms and conditions thereof, to be done, kept and performed by him, and that he has remained in possession ever since. After having proved the execution of said contract and the circumstances connected therewith, the instrument was offered and received in evidence. Its admission constitutes the first assignment of error.

There was no conflict of testimony as to the execution of the instrument, and there appears to have been no error in overruling plaintiffs' objection and admitting it in evidence.

Nor was there any error in receiving the testimony complained of in the second specification. It was both relevant and material in that it proved performance by the defendant of all the

terms and conditions of the contract under which he acquired and retained possession of the land.

The testimony referred to in the third specification was rightly excluded, for the reason that it was incompetent and wholly irrelevant to the issue.

There was no error in the admission or rejection of testimony; nor was there any conflict of evidence as to any of the material facts in the case. We find nothing in the record that requires a reversal of the judgment for the defendant non obstante veredicto, and it is therefore affirmed.