# John Davis, Appellant, v. Patrick Martin.

*Evidence—Record adds nothing to intrinsic efficacy of a deed.*

The recording acts add nothing to a deed which the original instrument
lacks, and when the effect of a recorded deed, as evidence in a case, de-
pends upon the performance of cotenants, this must be shown. The rec-
ord in the recorder's office adds nothing to the intrinsic efficacy of a deed
as evidence.

*Conveyance in consideration of support—Equity rules govern—Burden
of proof.*

In transactions intended to secure to the grantor a competent support
during life, a deed, no matter how strong its words in the present tense,
will not pass the estate, if from the other parts of the instrument the
intention appears to be otherwise.

Such conveyances are to be regarded as executory contracts, subject to
the rules of equity as to their construction and enforcement. The burden
of proving performance of the conditions and stipulations of the deed by
the grantee rests with him and the failure to meet this burden operates to
defeat his claim.

Argued Jan. 12, 1898. Appeal, No. 24, Jan. T., 1898, by plaintiff, from judgment of C. P. Luzerne Co., Dec. T., 1888, No. 302, on verdict for defendant. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Ejectment. Before WOODWARD, P. J.

The facts sufficiently appear in the opinion of the court.

The court below certified that the interest in the land in controversy is less than $1,000.

The court below charged the jury as follows :

[This is an action of ejectment brought by John Davis against Patrick Martin to recover possession of a piece of land situated in the Fourteenth ward, city of Wilkes-Barre. On the 12th of May, 1846, Joseph Davis was owner of this property, and on that date he made to John Davis, the father, I believe, of the present plaintiff, a deed for the land in question in consideration of $1.00 and other good and valuable considerations. This deed, however, was made subject to certain exceptions, conditions and reservations. It was not an absolute conveyance on its face. It contained a provision that the grantee, John Davis, should at all times, in sickness and in health, support Joseph Davis during his lifetime, and if he neglected to fulfil and perform the conditions and stipulations of the deed, that then the estate conveyed by it should cease, and revest in the grantor and his heirs. When this deed was offered in evidence, objection was made to it on the ground that it was a conditional instrument or conveyance, and could not be offered as showing title in the plaintiff, until it was also proven, as a preliminary, that these conditions, stipulations and covenants had been performed. We sustained that objection. The plaintiff has undertaken to establish the performance of these conditions, but in our judgment has failed to do so. As the title of the plaintiff in this action depends upon the validity of that conveyance, we say to you therefore, that the plaintiff has not shown such title to the land in question as entitles him to a verdict at your hands. We instruct you, therefore, that your verdict should be for the defendant.] [3]

Before the rendition of the verdict in the foregoing entitled cause, plaintiff's counsel excepted to the charge of the court

therein, and requested that the charge be reduced to writing and filed of record in the cause.

Verdict for defendant.   Plaintiff appealed.

*Errors assigned* were (1) rejection of the following offer of deed book, No. 44, page 56, deed Joseph Davis to John Davis, dated May 12, 1846, recorded March 1, 1847, the description being as follows : " All my lands, tenements and hereditaments situated, lying and being in the township of Hanover and Wilkes-Barre, and all my personal property of every description, embracing debts and demands due and owing to me by bond, judgment, mortgages, notes, book account or otherwise, and all actions and rights of action and all personal property now in possession, to the said John Davis, to take immediate pos- session of the same and to use, manage, occupy and enjoy to his own benefit and behoof."   Defendant objected to the offer because the deed is not a recordable instrument, it not having been properly or sufficiently probated, there being no acknowl- edgment of the deed by the grantor ; second, because the deed is not an evidence of title of the grantee but simply an execu- tory contract.   The court overruled the first objection but sus- tained the second : " From the best consideration which I am able to give this question at the present time, I think that the case is ruled by the decision in Driesbach v. Serfass, 126 Pa. 32, referred to in the argument; that the conveyance now offered in evidence, not being an absolute one, but upon its face, a con- ditional conveyance, plaintiff is bound to show the performance of covenants contained in the deed, before asserting title under it.   The objection, therefore, to this deed is sustained."   (2) In rejecting the following offer of plaintiff : Plaintiff offers in evi- dence, deed Joseph Davis to John Davis, dated the 12th day of May, 1846, recorded March 1, 1847, deed book, No. 44, p. 56, etc., to be followed by proof of the performance by the grantee, John Davis, of the conditions forming or constituting the con- sideration in the deed.   Objected that the deed is not to be re- ceived until the evidence of the performance of the conditions is submitted.   The Court: We will pass upon that after we have heard the evidence, evidence having been submitted tend- ing to show performance of conditions.   (3) To charge of court, reciting same.

*J. F. O'Neill* and *John M. Garman*, with them *D. L. O'Neill*, for appellant.—It seems to be well established that any agreement concerning lands, whether it be executory or not, may be recorded, and it is provided by the Act of February 21, 1834, P. L. 68, that "whenever provision has been or shall hereafter be made by law for recording in the proper office any paper or papers, the record and records thereof made shall be legal evidence in all cases in which the same would be competent testimony."

The deed of Joseph Davis to John Davis being clearly within the recording acts, was entitled to be recorded, and if the deed itself would be admissible in evidence the record thereof would be as good evidence and entitled to be admitted without further proof.

In the case at bar the instrument executed by Joseph Davis was an absolute conveyance of his property to John Davis, signed only by himself; there was no covenant or agreement on the part of John Davis set forth in the instrument, nor was it signed by him: Perry v. Scott, 51 Pa. 119.

The agreement for support is merely recited as part of the consideration which moved the grantor to make the deed, and it has been held that a consideration which amounts to a covenant cannot be enforced by ejectment: Cook v. Trimble, 9 Watts, 15.

The charge of the court was in direct conflict with the ruling of the Supreme Court in Perry v. Scott, 51 Pa. 119.

*H. W. Palmer*, with him *J. A. Opp*, and *A. H. McClintock*, for appellee.—The rule for the construction of papers of this character is stated in Williams v. Bentley, 27 Pa. 294, in which it was held "that the strongest words of conveyance in the present tense will not pass an estate if from other parts of the instrument the intention appears otherwise." Also in Odgen v. Brown, 33 Pa. 247, where the same principle was stated in very nearly the same words.

These rules are reiterated in Driesbach v. Serfass, 126 Pa. 32. In Bear v. Whistler, 7 Watts, 144, it was held that "the conveyance of a tract of land, 'subject, nevertheless, to the conditions and obligations contained in a certain article of agreement existing between the parties,' creates an estate upon condition;

and they who are interested in the condition may enforce its performance by action of ejectment, and against a purchaser at public sale:" Dewall's App. 239; Ringrose v. Ringrose, 170 Pa. 593, 605.

OPINION BY SMITH, J., July 29, 1898:

The lot in suit was part of a larger tract formerly owned by Joseph Davis. By a deed dated May 12, 1846, he conveyed, in general terms, all his lands situated in the townships of Hanover and Wilkes-Barre, as well as all his personal property and choses in action, to his brother John Davis, his heirs and assigns; John to take immediate possession, "subject nevertheless, and on this express condition, reservation and limitation: that he, the said John Davis, his heirs and assigns, out of the said property and out of his own property and means, provide me in all time to come, a good, sufficient, comfortable and reasonable support in sickness and in health, according to the circumstances that I am now in and may be in hereafter, for and during my natural life; but if the said John Davis, his heirs and assigns shall neglect this and not fulfill and maintain these conditions in a full, fair and liberal manner, then the estate hereby contracted and conveyed shall cease and return to me and my heirs." The deed from Joseph to John was proved March 1, 1847, by one witness, who made affidavit to its execution before a justice of the peace, and thereupon it was recorded.

On the trial the plaintiff offered the record of this deed. It was objected to because, (1) its execution was not sufficiently proved, it not having been acknowledged by the grantor; (2) it was no evidence of title in the grantee until it was shown that the covenants and conditions had been performed. The court overruled the first objection and sustained the second. The plaintiff then offered to make proof of performance of the conditions of the deed by the grantee John Davis, and, with this understanding, the deed was received. The only witness called for this purpose was the plaintiff. He testified that he is a son of John Davis the grantee and a nephew of Joseph the grantor. His testimony to the effect that his father said he had contributed toward the support of Joseph, and toward the costs of his defense on a charge of homicide,

was objected to on the ground that Joseph was dead, and the declarations of John were inadmissible.    The plaintiff further testified that, as messenger, he brought clothing from his father to his uncle Joseph when the latter lived with one Betsy Knapp. There was no offer to show that John Davis, or any person under him ever had actual possession of the land in dispute. John died about March 6, 1871.    The plaintiff stated that Joseph was dead but did not give the date of his death.    It was admitted that Joseph made a will by which, in general terms, he devised all his property to Samuel Wildreck, the son of his niece, and that the defendant (through divers conveyances, set out in his abstract of title), claims under this will, and holds possession thereunder.    At the close of the testimony the learned judge held that, in order to recover, the plaintiff must prove, affirmatively, that the stipulated conditions and covenants of the deed had been performed, and this not having been shown, he directed a verdict for the defendant.

It seems clear from the authorities that in transactions intended to secure to the grantor a competent support during his life, a deed, no matter how strong its words in the present tense, will not pass the estate, if from other parts of the instrument the intention appears to be otherwise: Williams v. Bentley, 27 Pa. 294; Odgen v. Brown, 33 Pa. 247; Driesbach v. Serfass, 126 Pa. 32, and cases cited by WILLIAMS, J.; Ringrose v. Ringrose, 170 Pa. 593.    Those cases also hold that such conveyances are to be regarded as executory contracts, subject to the rules of equity as to their construction and enforcement.    The terms of the instrument in the present case make the conveyance expressly subject to the condition of reasonable support of the grantor during life, and in default of its performance " in a full, fair and liberal manner " the estate conveyed to cease and return to the grantor and his heirs.    In this respect the present conveyance is more full and explicit than those in Driesbach v. Serfass and Ringrose v. Ringrose.

In Driesbach v. Serfass, the grantor conveyed the premises in dispute in terms which, taken by themselves, were technically adequate to vest a present estate in fee simple; but all the provisions of the conveyance, together with the object and nature of the transaction, were considered in its interpretation. The purpose of the parties, as thus ascertained, was held to

control the construction of the deed, and technical phrase-
ology gave way to manifest intent. It was there said, quot-
ing from a former case on the same subject: "'Whether an
informal instrument transferring an interest in real estate shall
be held a conveyance or only an agreement for a conveyance
depends not on any particular words or phrases found in it,
but on the intention of the parties as collected from the whole
contract.' . . . . If we look at this instrument without the
light which the testimony throws upon it, and upon the inten-
tions of the makers, we shall find that it is by no means 'very
clear' that the intention was to pass a present fee simple.
Words of present grant are used, but they are limited by excep-
tions and reservations, by covenants and conditions, in a manner
that shows the purpose to limit the grant and fasten the obliga-
tions of the party of the other part upon the land itself. The
consideration of the grant is executory. It is to be paid day
by day during the life of 'the first party.' If the position of
the plaintiff in the court below be adopted, Mrs. Serfass might
have taken her indentures and recorded them, and though she
had never furnished a farthing's value toward the care of her
uncle or rendered him the slightest service, her title would have
been indefeasible. She could have retained the land and re-
fused to pay the price. . . . The only way in which the
intentions of the parties can be carried into effect and justice
done, is to treat this instrument as an executory contract in
which Berger contracts to give his property for his future
maintenance, and Mrs. Serfass contracts to provide the main-
tenance in exchange for the property. An equitable title vested
in Mrs. Serfass; the legal title during his life remained in
Berger." Of the equitable character of these contracts WIL-
LIAMS, J., further says : " This was an equitable action of eject-
ment by a vendee in default, and out of possession. As was
said in Shirley v. Shirley, 'To obtain specific execution of such
a contract, the children must show that they have been ready,
prompt, and eager to perform their part of the contract.' In
Williams v. Bentley, supra, Justice LEWIS, who delivered the
opinion of the court, used this language : 'The plaintiff in this
case has nothing more than the privilege of going into a court
of equity to call for specific performance of the contract. His
action is therefore subject to all the considerations which influ-

ence courts of equity in refusing or granting such demands. It is certainly a necessary preliminary that he should himself do equity. He must under this head show that he has paid or was ready and willing to pay the consideration so far as it was due at the time of trial. This remark applies to the covenants for maintenance as well as to the other covenants.'" The leading facts of Driesbach v. Serfass are quite similar to those of the present case; we have therefore quoted at length the foregoing principles of law as being equally pertinent to the adjudication here. The very frequent litigation growing out of transactions of this character, and the great wrong to aged and feeble persons attempted by ungrateful relatives, illustrate the wisdom and justice of bringing these contracts within the rules of equity, and enforcing them according to equitable principles.

In the present case there was absolutely no competent evidence to show performance of the conditions and stipulations of the deed. There was nothing to show any attempt to enforce it by the parties during their lifetime, although some twenty-five years had elapsed between its execution and the death of the grantee. This action was brought by one of the children of the grantee some twenty-five years after his father's death and about forty-two years after the execution of the agreement which he now seeks to enforce. Joseph Davis acquired the fee in 1828, and in general terms devised all his property to his nephew Samuel Wildrick. With his will, forming a link of a continuous chain, the title was traceable by record from 1828 until the commencement of this suit. So far as the records show or the evidence discloses the parties never acted under the agreement of 1846, but disregarded all rights and duties growing out of it. It was not shown that Joseph Davis had other property, and, under the facts, it may be presumed that the devise to his nephew embraced the land in dispute. His nephew sold the tract to other parties on the strength of this devise, and the titles of the present holders are based upon it. The claims of these innocent purchasers add much to the justice of the application of equitable principles in the disposition of this case. Fortunately these principles can be applied within recognized equitable jurisdiction and established practice. Under the principles already stated, the burden of proving perform-

ance of the conditions and stipulations of the deed by the grantee rested with the plaintiff. His failure to show this justly operated to defeat his claim.

The recording acts add nothing to a deed which the original instrument lacks, and when the effect of a recorded deed, as evidence in a case, depends upon performance of its covenants, this must be shown. Its record in the recorder's office adds nothing to its intrinsic efficacy as an instrument of evidence; it is merely notice to the world of a claim of title which must be taken for what it is worth.

The conclusion thus reached is in harmony with Fritz v. Menges, 179 Pa. 122, and, considered in the light of their differing facts, the cases emphasize the same principle.

Judgment affirmed.