**Van Horn v. Nearhoof**

ANDERSON, *J.*, Nov. 21, 2014—Before the court is plaintiffs' claim for breach of contract based upon an alleged oral agreement with their daughters, defendants Candice Nearhoof (hereinafter "Candace") and Paula Moser (hereinafter "Paula").[1] As part of an estate or asset protection plan, plaintiffs transferred essentially all of their property to their daughters and their grandchildren; the property included rental properties, non-income producing property, and some personal property. Plaintiffs allege the property was transferred with the agreement and understanding that they would continue to receive income as necessary for their own support. Plaintiffs contend sums of money were paid to them from 2004 through 2011 but that a dispute between the two daughters resulted in a split of the jointly-held properties and that after the split, only Paula continued to provide support to them; Candace refused and has not provided any further monies, thus resulting in the instant claim. A trial was held on October 31, 2014, and the court now makes the following:

## FINDINGS OF FACT

1. In late 2003 and early 2004, plaintiffs transferred substantially all of their real estate holdings to their daughters and their grandchildren as part of an estate or asset protection and retirement plan.[2]

2. The property included a 10 unit apartment building, transferred in November 2003, and three mobile home lots, transferred in February 2004, all of which produced income.

---

1. Also before the court is additional defendant Paula Moser's request for specific performance seeking transfer to herself of Candice Nearhoof's interest in a river lot based on an alleged oral agreement to divide the properties previously deeded to both of them by their parents.

2. Plaintiffs transferred their home to their grandson, Brock Nearhoof, Candace Nearhoof's son, and reserved a life estate for themselves.

3. Prior to the transfers, plaintiffs had used income from the apartment building and mobile home lots to provide for some of their expenses.

4. The transfers were made with the understanding and agreement of all parties that plaintiffs would continue to receive income from the apartment building and mobile home lots to provide for their support.[3]

5. The properties transferred to Candace and Paula were deeded into both names, as tenants in common.

6. In December 2003, Candace and Paula opened a joint bank account to manage the rental properties.

7. For seven years and four months, starting with a check dated January 14, 2004 and ending with a check dated May 23, 2011, Candace wrote checks payable to her parents in multiples of $700 from the rental account. This amount had not been discussed or agreed upon prior to the transfer of the apartment building but was agreed upon or at least acquiesced in following that transfer and did precede the transfer of the mobile home lots.

8. Sometime in early to mid-2011, Candace and Paula had a falling out and decided to divide the properties by each deeding her interest in certain properties to the other.

9. On October 3, 2011, the properties were divided and deeds were executed except that — at the direction of Candace — the deed to the river lot was not executed at that time. Title to that property remains in joint names.

10. On October 3, 2011, the apartment building was deeded to Paula and the mobile home lots were deeded

---

3. While plaintiffs have asked the court to find an agreement to pay a specific amount, it does not appear that any such agreement was reached prior to the transfer. Rather, the agreement was simply to provide support.

to Candace. A mortgage on the apartment building was assumed by Paula. The mobile home lots were not encumbered.

11. Since the check dated May 23, 2011, Candace has not provided any further monies to her parents. Paula has been making payments to her parents of $350 per month, representing half of the previous $700 monthly payment.

## DISCUSSION

Plaintiffs' breach of contract action is based on their contention that prior to the transfers, and as consideration therefor, Paula and Candace agreed to pay them $700 per month and have failed to do so since May 2011. Plaintiffs seek $14,350, calculated at the rate of $350 per month since that date, taking into consideration that Paula has continued to make payments of $350 per month. The court cannot find that there was an agreement to pay $700 per month *in exchange for transfer of the properties*, however. Therefore, the claim for a sum certain must fail.

Plaintiffs are not without a basis for relief, however. Where a deed is given in consideration of support, upon the grantee's failure or refusal to furnish support in accordance with the promise, equity will decree cancellation or rescission on equitable terms. *Shook v. Bergstrasser*, 51 A. 2d 681 (Pa. 1947). Courts treat deeds having such a consideration in the nature of an executory contract and place the burden on the grantee to show full performance of his agreement to support the grantor. *See Borys v. Halko*, 188 A. 539 (Pa. Super. 1936); *Dreisbach v. Serfass*, 17 A. 513 (Pa. 1889); *Davis v. Martin*, 8 Pa. Super. 133 (1898). In the instant case, it is clear that the deeds to Candace and Paula were given "in consideration of support" and that Candace has failed to furnish support in accordance with her promise.

Accordingly, the court draws the following:

## CONCLUSIONS OF LAW

1. Candace Nearhoof's refusal to provide support to plaintiffs after May 23, 2011, constitutes a failure of consideration given in exchange for transfer of the properties to her from plaintiffs.

2. Plaintiffs are entitled to the return of the interest in the properties deeded to Candace.[4]

## VERDICT

And now, this day of November 2014, for the foregoing reasons, judgment on plaintiffs' claim for breach of contract is hereby entered in their favor and against defendants Candace and Richard Nearhoof. Within sixty (60) days of this date, the Nearhoofs are directed to execute the documents necessary to transfer their interests in the properties previously transferred to Candace Nearhoof by plaintiffs in 2003 and/or 2004 back to plaintiffs.

Judgment on plaintiffs' claim for breach of contract is hereby entered in favor of additional defendants Paula Van Horn Moser and Jerome Moser.

Additional defendant Paula Van Horn Moser's cross-claim against defendants Candace and Richard Nearhoof for specific performance is hereby dismissed as moot.

---

4. In light of this disposition, it is unnecessary to address Paula's request that Candace transfer the river lot to her based on their alleged oral agreement.