# FRANK DREISBACH v. HENRY SERFASS ET AL.

ERROR TO THE COURT OF COMMON PLEAS OF MONROE COUNTY.

Argued March 14, 1889—Decided April 29, 1889.

(*a*) By a deed, inter partes, one, in consideration of a nominal sum and covenants to be performed, conveyed land to another, the former reserving a residence, and the latter covenanting to supply him with food, lodging, clothing, and all other necessaries during his lifetime, to be charged upon the premises until the covenants were performed.

1. Such deed was not a testamentary instrument, because it contemplated an immediate possession taken by the grantee; nor was it an absolute conveyance to the grantee in fee; but merely an executory contract vesting an equitable estate in the grantee, the legal title remaining in the grantor during his lifetime.

2. In an ejectment for the land, brought after the death of the grantor, such a deed will not avail the grantee or his representatives as proof of title, in the absence of evidence that the covenants in the deed on the part of the grantee have been performed, either by the grantee or his representatives.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 157 January Term 1889, Sup. Ct.; court below No. 7 February Term 1887, C. P.

On January 10, 1887, Henry Serfass, and others who were heirs at law of Sally Ann Serfass, deceased, brought an action of ejectment against Frank Dreisbach for a tract of fifty acres of land in Tunkhannock township.

At the trial on November 15, 1888, before DREHER, P. J., the following facts were shown in the plaintiffs' case:

On December 5, 1882, Peter Berger, then over seventy years of age, and childless, executed the following conveyance of the land in controversy:

"This indenture, made the 5th day of December in the year of our Lord one thousand eight hundred and eighty two, between Peter Berger, of . . . . . of the first part, and Sally Ann Serfass, wife of Henry Serfass, who is a daughter of Thomas Berger, and a niece of said Peter Berger, of the same

place, of the other part.    Witnesseth, that the said Peter Berger, of the first part, for and in consideration of the sum of one dollar, lawful money to him in hand paid by the said Sally Ann Serfass, wife of Henry Serfass, aforesaid, as for divers other good and valid considerations in law, hereinafter mentioned, and to be strictly kept by the said Sally Ann Serfass, the receipt of the one dollar, he, the said Peter Berger, does hereby acknowledge and thereof acquit and forever discharge the said Sally Ann Serfass, her heirs, executors and administrators, by these presents hath granted, bargained, sold, aliened, enfeoffed, released, and confirmed and by these presents doth grant, bargain, sell, alien, enfeoff, release, and confirm unto the said Sally Ann Serfass and to her heirs and assigns, all that certain messuage and tract or piece of land situate . . . . . containing fifty acres and seventy perches and a quarter, . . . . . (excepting, nevertheless, the residence of the said Peter Berger, the grantor hereof, of the first part, in the house and on the premises during his natural life and which is to be a lien upon the premises, aforesaid, until the death and burial of the said Peter Berger, and I, the said Sally Ann Serfass, the grantee in the aforesaid premises, do hereby bind myself, my heirs, executors and administrators and every of them firmly by these presents, which are to be considered on my part as a deed of covenants, to find good house-room and sleeping and lodging apartments for the convenience of the said Peter Berger during his life and to find good and sufficient board, lodging, meat, drink, clothing and nursing, medical attendance and all other necessaries for him during his life and a decent burial for him when he leaves this world of sorrows, all of which is to be and remain a lien upon the premises aforesaid, until the whole of the duties aforesaid are performed on the part of the said Sally Ann Serfass, grantee, herein named,) and the reversions, and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, property, claim and demand, whatsoever, of him, the said Peter Berger, in law or equity or otherwise, howsoever, of, in, to or out of the same.    To have and to hold the said messuage or tenement . . . . . with the appurtenances (except as before excepted and which is herein expressly excepted by the said Peter Berger, the grantor hereof,) unto the said Sally Ann

Serfass, her heirs and assigns, to the only proper use and behoof of the said Sally Ann Serfass, her heirs and assigns forever.   It being the same premises. . . . .

"In witness whereof the said parties, grantor and grantee, aforesaid, have to these presents set their hands and seals, the day and year first within written."

The foregoing instrument was executed and acknowledged by both Peter Berger and Sally Ann Serfass, and the execution was attested by George W. Merwin and George M. Transue. Henry Serfass, the husband of Sally Ann Serfass, did not join therein.   Mr. and Mrs. Serfass went upon the premises and with Peter Berger lived together thereon till Mrs. Serfass died in January 1884.   Henry Serfass, with two daughters, remained upon the premises until the following March, when Henry Serfass, as he testified, engaged Frank Dreisbach, the defendant, to go into possession and to take care of Mr. Berger till his death, in consideration of all he (Dreisbach) could raise on the farm and all he could make out of the cows.   Dreisbach took possession under this arrangement, and after the death of Berger, which occurred in August 1886, refused to surrender to the plaintiffs who brought this suit.   On the cross-examination of Henry Serfass, he testified that one of his daughters left him after the death of his wife; that he had difficulty in taking care of Berger, and went to the township poor master and said to the latter, that if he could not get anybody to take care of Berger, he would have to give him over to the township; and that he then arranged with Dreisbach.

To sustain his title, the defendant put in evidence a deed in fee simple for the same premises executed by Peter Berger to Frank Dreisbach on August 26, 1884, in consideration of five dollars.   This deed was in the ordinary form and absolute.   He then denied that he had gone upon the land under the arrangement testified to by Henry Serfass, and testified that he had been induced to take the land and care for Berger by the latter himself.

George W. Merwin, called for defendant:

The defendant offered to prove by the witness that he was requested by Peter Berger and Sally Ann Serfass to draw up an agreement, something like a will, by which Sally Ann was to be bound to take care of him, according to certain specifica-

tions, all the balance of his life and bury him; and that if Sally Ann kept the conditions strictly till after he was dead, he wanted the property to go to her; and he, the justice, was directed also by the parties to draw this contract strong, so that if Sally Ann did not fulfil the conditions the agreement and the paper should be null and void. Also to prove that he drew this paper, not in the presence of the parties; that between him and his brother they drew up the paper as it is now, —that is witness's brother—and meaning the deed given in evidence by plaintiff. To show further that he took this agreement, such as it was, to the parties; that he read it to them twice; explained it to them in German and that he explained this to them, that Sally Ann must perform all these conditions precisely as they were put down in writing in that paper; that if she didn't the writing was null and void and she would not get the land; that both Sally Ann and Peter said that was right, that was the understanding, and signed the paper; that they could not read it in English.

Objected to: (1) That all prior agreements between Peter Berger and Sally Ann Serfass were merged in the deed. (2) Parol evidence could not be received to change or alter the terms and conditions contained in the deed. (3) That Dreisbach, having no interest in the consideration of the deed, and being a stranger thereto, could not defend in this action of ejectment for breach of covenants, if there was a breach. (4) The evidence was irrelevant and inadmissible.

By the court: Objections sustained, offer refused; exception.[1]

The defendant then offered to prove by the witness, and others to be called, that Sally Ann Serfass did not perform her covenants during her lifetime, nor did anybody perform her covenants after her death; that after the death of Mrs. Serfass, neither her husband nor her heirs, administrators or executors, provided anything for Berger to the day of his death and burial; that there was a want of care while Mrs. Serfass did live, and a total failure to care for him after her death, and that they abandoned the premises; that Berger, when he was abandoned after the death of Mrs. Serfass, got Dreisbach, the defendant, to go on the place and take care of him, and for compensation was to convey him the property; that the real consideration

of the conveyance to the defendant was not the five dollars alone, but his care and keeping of Berger during his life, and that the defendant did care for, feed him, nurse him, clothe him, attend to all his wants, and gave him a decent burial.

Objected to: (1) That the deed to Mrs. Serfass, being a deed of covenants, the consideration ceased utterly on the death of Berger. (2) That the defendant, being a stranger to said consideration, had no interest in it, and could not defend in this action of ejectment, for a breach. (3) The offer was irrelevant and incompetent.

By the court: The objections are sustained for the reason that the stipulations contained in the deed to Sally. Ann Serfass, for the support and maintenance of Peter Berger, are covenants, and there can be no forfeiture for non-performance of the covenants: Offer refused: exception.[2]

Upon the case thus presented, the court, DREHER, P. J., charged the jury:

I have given this .case as much careful consideration as it was possible, during the argument of counsel, and in my opinion the defendant cannot set up in this case a defence on the ground of non-performance of the covenants of Mrs. Sally Ann Serfass in the deed from Peter Berger to her; that the remedy for breach of these covenants must be by action of covenant; and I therefore direct you to find a verdict in favor of the plaintiffs.[3]

The jury returned a verdict for the plaintiffs. Judgment being entered the defendant took this writ, assigning as errors:

1, 2. The refusal of the defendant's offers.[1] [2]

3. The charge to the jury.[3]

*Mr. Henry J. Kotz* (with him *Mr. H. Hakes*) for the plaintiff in error.

*Mr. Charlton Burnett*, for the defendants in error.

OPINION, MR. JUSTICE WILLIAMS:

The disposition of this case depends on the construction of the instrument under which the plaintiffs in the court below claimed title to the land in controversy. They sought to

recover on the theory that it was a deed vesting a present absolute estate in fee simple in the grantee. The position of the defendant was, that the writing was in the nature of a will, a testamentary paper, revocable at the will of the maker and actually revoked by the subsequent conveyance to Dreisbach. Our inquiry then is into the character and legal effect of the so called deed from Peter Berger to Sally Ann Serfass. It should be borne in mind, at the outset of this inquiry, that the transaction was intended to secure to the grantor a competent support during his life; that it was between an aged and infirm uncle and his niece; and that it contemplated the payment of the niece for her services by assuring to her the property of the uncle. With this in mind we look at the instrument. It styles itself "an indenture" made between Peter Berger, of one part, and Sally Ann Serfass, who is described as the wife of Henry Serfass, the "daughter of Thomas Berger, and the niece of the said Peter Berger," of the other part.

The agreement or undertaking of Peter Berger is then stated to be, that "in consideration of the sum of one dollar . . . . . as for other good and valid considerations in law hereinafter mentioned and to be strictly kept by the said Sally Ann Serfass . . . . . the said Peter Berger hath granted, bargained, aliened, enfeoffed, released, and confirmed, and by these presents doth grant, bargain, sell, alien, enfeoff, release, and confirm unto the said Sally Ann Serfass, and to her heirs and assigns, all that certain messuage and tract or piece of land . . . . . containing fifty acres and seventy perches and a quarter . . . . . excepting, nevertheless, the residence of the said Peter Berger, the grantor hereof, in the house and on the premises during his natural life, and which is to be a lien upon the premises aforesaid until the death and burial of the said Peter Berger."

Immediately following these paragraphs that speak for the grantor, are those that express the undertaking of the grantee, and state the real price or consideration to be paid for the land. They are as follows: "And I, the said Sally Ann Serfass, the grantee in the aforesaid premises, do hereby bind myself, my heirs, executors, and administrators, and every of them firmly by these presents, which are to be considered on my part as a deed of covenants, to find good house-room, and sleeping and lodging apartments for the convenience of the said Peter Ber-

ger during his life, and to find good and sufficient board, lodging, meat, drink, clothing, and nursing, medical attendance, and all other necessaries for him during his life, and a decent burial for him when he leaves this world of sorrows, all of which is to be and remain a lien upon the premises aforesaid, until the whole of the duties aforesaid are performed on the part of the said Sally Ann Serfass, grantee herein named." In the habendum, and qualifying it, are the further words: "except as before excepted, and which is hereby expressly excepted by the said Peter Berger, the grantor hereof."

This instrument was signed and acknowledged by both parties, although the husband of Sally Ann Serfass did not join either in the execution or the acknowledgment of it. Without stopping to consider the consequences of the non-joinder of the husband, we proceed at once to inquire whether this is a testamentary paper. The most general and comprehensive definition of a will is that which describes it as a declaration of the intention or wish of the maker touching what he would have done after his death. It is a provision made in view of his death, and to take effect when that event shall happen. The paper before us, however, is a provision for the care and support of the maker in the present, and so long as he shall live, in consideration of his property, which is to pass at once into the possession of his niece. In Turner v. Scott, 51 Pa. 126, cited and relied on by the plaintiff in error, the grantor embodied in the indenture, as the instrument in that case also was called, this provision, "this conveyance in no way to take effect until after his (grantor's) decease." With this limitation the instrument could vest no present interest in the grantee. It was to take effect by its express terms only upon the happening of the death of the grantor. For this reason it was held to be testamentary. The title to the land remained in the father, the grantor, during his life, and upon his death, and not sooner, was to pass to and vest in the son. The instrument being testamentary was revocable at the pleasure of the maker. The paper now under consideration contains no such limitation, makes no declaration of what the maker wishes done after his death, but contemplates and authorizes an immediate taking of possession by the grantee. Moreover it makes provision for the protection of the grantor by informal, but repeated reser-

vations and exceptions and covenants all looking not to the death of the grantor, but to the preservation of his life by securing constant and continuing and adequate care.

We are clearly of opinion that the paper of December 5, 1882, signed by both Peter Berger and Sally Ann Serfass is not testamentary in its character. On the other hand, we do not regard it as a deed vesting an absolute estate in fee simple upon its delivery to Sally Ann Serfass. We have seen that the object of the transaction was to secure the continued performance of such services as his age and condition might render necessary. It is important also to remember that this was an arrangement between near relatives, and that the services of the niece are stated to be the consideration which she pays and is to pay for the property of her uncle. He is to have the right to live in the house, to remain in possession, and she is also to take possession, and live in the same house in order to fulfil her agreement. The scrivener was applied to to prepare for them "a writing in the nature of a will," to carry out their understanding, and his effort to put it on paper resulted in the anomalous instrument before us. It is quite clear that no deed was intended. It is equally clear that the exceptions and covenants were intended to protect the grantor against the words importing a present grant. That such words do not necessarily pass a present fee has been repeatedly held. The whole instrument and the nature and object of the transaction must be considered. In Williams v. Bentley, 27 Pa. 294, it was held, that the strongest words of conveyance in the present tense will not pass an estate if from other parts of the instrument the intention appears to be otherwise. In Ogden v. Brown, 33 Pa. 247, the same principle was stated in very nearly the same words: "whether an informal instrument transferring an interest in real estate shall be held a conveyance or only an agreement for a conveyance, depends not on any particular words or phrases found in it, but on the intention of the parties as collected from the whole contract." Shirley v. Shirley, 59 Pa. 267, was, like Williams v. Bentley and Ogden v. Brown, an action of ejectment in which a writing securing the maintenance of a father came under consideration, and the general rule was laid down that "courts should be slow to give effect as an absolute conveyance to instruments for provisions made

between parents and children unless the intention be very clear."

If we look at this instrument without the light which the testimony throws upon it, and upon the intentions of the makers, we shall find that it is by no means "very clear" that the intention was to pass a present fee simple. Words of present grant are used, but they are limited by exceptions and reservations, by covenants and conditions, in a manner that shows the purpose to limit the grant and fasten the obligations of "the party of the other part" upon the land itself. The consideration of the grant is executory. It is to be paid day by day during the life of "the first party." If the position of the plaintiff in the court below be adopted, Mrs. Serfass might have taken her "indentures" and recorded them, and though she had never furnished a farthing's value toward the care of her uncle or rendered him the slightest service, her title would have been indefeasible. She could have retained the land and refused to pay the price. What an action of covenant would have realized, brought against a married woman upon an instrument under seal in which her husband had not joined, it is difficult to see. It certainly would have been of no service to Peter Berger. He might have starved while learning by an action at law the difficulty of enforcing a contract of this kind against a married woman. The only way in which the intentions of the parties can be carried into effect and justice done, is to treat this instrument as an executory contract in which Berger contracts to give his property for his future maintenance, and Mrs. Serfass contracts to provide the maintenance in exchange for the property. An equitable title vested in Mrs. Serfass; the legal title during his life remained in Berger.

Mrs. Serfass and her husband went into possession, and entered upon the work which was to pay for the land. She died not long after. After her death her husband tried to have Berger declared a pauper, and supported at the public expense. Failing in this he abandoned the premises, and declined to carry out the agreement which his wife had made. Berger was compelled to look elsewhere for care. He was a vendor in possession, his vendee refusing to pay the purchase money, and out of possession. In this situation he made an arrangement with Dreisbach, to whom he made a deed, and by whom he was pro-

perly taken care of for two or three years, and until his death. After the consideration which Mrs. Serfass was to pay has been paid by Dreisbach, her heirs at law bring this action of eject- ment to recover the possession. Upon the trial the defendant offered to prove the conduct of Serfass, his refusal to carry out the contract of his wife and his abandonment of the premises, and removal from the neighborhood, together with the arrange- ment between Berger and himself. This the court excluded, holding that Sally Ann Serfass took a fee which descended to her heirs at law, and that Berger's only remedy for her non- performance was an action of covenant against her. This was error. This was an equitable·action of ejectment by a vendee in default, and out of possession. As was said in Shirley v. Shirley, " To obtain specific execution of such a contract, the children must show that they have been ready, prompt, and eager to perform their part of the contract." In Williams v. Bentley, supra, Justice LEWIS, who delivered the opinion of the court, used this language : " The plaintiff in this case has nothing more than the privilege of going into a court of equity to call for specific performance of the contract. His action is therefore subject to all the considerations which influence courts of equity in refusing or granting such demands. It is certainly a necessary preliminary that he should himself do equity. He must under this head show that he has paid or was ready and willing to pay the consideration so far as it was due at the time of trial. This remark applies to the covenants for maintenance as well as to the other covenants."

The right of Serfass to recover the possession in this action depended upon whether the consideration agreed upon had been paid. Being out of possession he could not recover upon the contract unless he could show performance. This he was not required to do. The defendant then proposed to take up the burden of proof that rested on the other side, and to show affirmatively the non-performance of the contract under which alone the plaintiffs could recover. This evidence should have been admitted. It would be contrary to the original intentions of the parties as well as against good conscience to permit the vendee to recover the possession of land from his vendor, or one holding his title, without rendering or offering to render the equivalent contracted for.

The 2d and 3d assignments of error are sustained.

The judgment is reversed, and a venire facias de novo awarded.