Henricks, Appellant, et al., *v.* Bertolet et al.

Argued April 25, 1941. Before SCHAFFER, C. J., MAXEY, LINN, STERN, PATTERSON and PARKER, JJ.

*Julian W. Barnard,* for appellant.

*Louis M. Childs, II, High, Dettra & Swartz,* and *Claude B. Wagoner,* of *McWilliams, Wagoner & Trout- man,* for appellees, were not heard.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, May 26, 1941:

This is a bill in equity brought by Grace B. Henricks, a granddaughter of John H. Henricks, deceased, and a devisee under his will, against her two aunts, Mary A. Bertolet and Ella M. Scheffey, daughters of the deceased, to set aside three deeds made by him to the defendants on the ground of fraud, undue influence and lack of capacity. The deeds covered three houses owned by the deceased and conveyed one to each of them and the third, the residence in which they and the deceased lived, to both of them. Our complete examination of the record fails to disclose any satisfactory evidence supporting the grounds of attack.

The deceased was an old man, ninety-one when his life came to an end. He had been vigorous physically and mentally throughout his existence. The physician, whose patient he had been for fifteen or more years, testified that at the time the deeds were executed he was of sound mind. He lived with the two daughters to whom he had made the deeds.

The deceased summoned his attorney, and, upon his arrival, told him that he wanted to convey the three houses to his two daughters, stating which house was to go to each and that the house in which they lived was to go to them jointly. He stated that his reason for making the conveyances was because of the way in which his daughters had cared for him in his latter years. He directed the attorney, who was a lawyer of standing and reputation at the bar, to prepare the deeds and gave to him his old deeds for the properties. At the same time he directed the lawyer to make certain

revision in his will. The daughters were in and out of the room at which the conference took place but did not give any instructions or directions as to the preparation of the instruments. The attorney went to his office and directed his secretary to prepare the deeds. On the following day, she took them to the deceased at his home, told him what they were, saw him look the three deeds over separately, and, being a notary public, took his acknowledgment. The chancellor found at the time the deeds were executed the grantor was mentally competent and fully knew and understood what he was doing and that there was no undue influence exerted by the grantees upon him.

There was a consideration named in each of the deeds, which it is admitted was not paid. Why it was inserted in the deeds is not explained. It is apparent from the testimony of the attorney that the transaction was a gift to the daughters. The fact of the non-payment of these considerations could not under the circumstances here existing invalidate the grants.

Under the facts as shown, the court below properly disposed of the case. We deem it not necessary to again restate the law governing cases of this kind. We have recently considered it in *Minnick v. Johnstone,* 342 Pa. 17, 20 A. 2d 191, and therein cited some of the controlling cases.

Decree affirmed at appellant's cost.