Ziegenfuss *v.* Ziegenfuss et ux., Appellants.

Argued December 13, 1946. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Daniel L. McCarthy,* with him *Justin D. Jirolanio,* for appellants.

*Russell C. Mauch,* with him *Mauch & Goodman,* for appellee.

OPINION BY ARNOLD, J., March 11, 1947:

Defendants appeal from an equity decree directing them to reconvey some thirty-seven acres of land and a dwelling house.

The appellants recognize the familiar rule that findings of fact by a chancellor, approved en banc, have the force and effect of a jury's verdict, and will not be disturbed if supported by evidence of the quality required: *Schaffer v. Cloud,* 355 Pa. 650, 50 A. 2d 665. There is ample evidence to support the following facts found by the chancellor:

The plaintiff and his wife for many years owned and lived on a farm. An arrangement was made with their son, Kenneth, and his wife, defendants herein, that the premises would be conveyed to them, the grantees to take possession and maintain the plaintiff and his wife therein. The defendants moved in, assumed control, and made some improvements, and later a deed for the premises, dated January 24, 1939, was given to them by the parents. The stated consideration was $1,675, and revenue stamps therefor were affixed. The defendants admit that they paid nothing, and that the consideration consisted of the grantees' performance of antecedent promises, i. e., was executory.

At first the defendants provided the plaintiff and his wife with a good home, care and maintenance, thus fully performing their oral promises, and the son gave his mother money to buy the food for all. Later he had his wife do the buying.

On June 10, 1939, the father had an alderman write an "agreement" which was executed by all the parties. As usual, the writing was inexpressive, ambiguous, indefinite and of no possible use.

As time went on the grantees gave less and less of that which was promised. The mother died in January, 1944, and progressive lack of filial care finally relegated the father to a shanty for his meals, ultimately resulting in the defendants' refusal to furnish heat or food, or to transport the plaintiff to church, or even to do any cooking for him or to wash his clothing. They scarcely talked to him, and when he became ill and could not look after himself, they refused to take care of him or assume any responsibility. He thus was compelled to leave, and filed this bill.

Appellants contend that parol evidence of the defendants' oral agreement to furnish a home and maintenance to the grantors could not be received in evidence, alleging that all prior oral agreements were merged in the writing of June 10, 1939, which is silent as to any duty of maintenance, citing *Gianni v. R. Russell and Co., Inc.*, 281 Pa. 320, 126 A. 791. The effect of the contention is to say that the total consideration for their deed was that the parties agreed to live together and the grantees promised to look after the grantors during illness. Happily this contention cannot be sustained. The writing [1]

---

[1] "Agreement between Kenneth P. Ziegenfuss and Marion E. Ziegenfuss his wife to, Amos V. Ziegenfuss and Mary J. Ziegenfuss his wife

"ARTICLES OF AGREEMENT made and concluded this 10th day of June, A. D. One Thousand Nine Hundred and Thirty Nine, (1939.) Between Kenneth P. Ziegenfuss and Marion E. Ziegenfuss his Wife of the Township, of Williams in the County of Northampton State of Pennsylvania, of the one Part, AND Amos V. Ziegenfuss and Mary J. Ziegenfuss his Wife of the same place, of the Other Part, Whereas, Kenneth P. Ziegenfuss and Marion his Wife have agreed to with the other party That they the said Amos V. Ziegenfuss and Mary J. his Wife shall live together in the said home as long as they Live and not to dispose any of the said Property until after their Death. To look after them during their illness and to see that they are to be laid away in a manner with their Insurance that they Have on themselves also a tombstone to mark their last resting place and any other cost and expenses shall come out of the Insurance coming to them after their Death,

"AND the said Amos V. Ziegenfuss, and Mary J. His wife, also agree to help about the home and Farm as long as they are able, to

does not reach the dignity of a contract which incorporated in it the entire agreement of the parties. Whether it did was a question of law for the court, and obviously it did not attempt to state all of the agreements or promises: *Sheesley v. Bisbee Linseed Company*, 337 Pa. 197, 10 A. 2d 401, and *Colonial Manufacturing Company v. Carideo*, 142 Pa. Superior Ct. 485, 491, 16 A. 2d 731, citing *Seitz v. Brewers' Refrigerating Machine Co.*, 141 U.S. 510, 517; Wigmore on Evidence, 2d ed., vol. 5, page 309. In it the defendants made one "promise": "To look after them during their illness." While even that was breached, it is plain, and the writing declared, that an agreement had been made relative to the parties living together, but the terms were not set forth either as to duration or anything else. To "live together" is susceptible of many meanings. It may mean that the person is only entitled to a bed, or that he is entitled to the use of the whole house and the land; or it may mean that "the living" is to be supplied at the cost of the other party. Certainly "to live" one must have food. Here, the son, prior to majority, was kept, cared for and nurtured by his father, and it is quite easy to understand that the parties now meant that their positions were to be reversed, and the son was now to maintain and nurture his father. Here the closest ties of blood exist, and it is not a case where strangers are dealing. Hence, since the contract was ambiguous, parol evidence was admissible to resolve the ambiguity, the solution of which was aided by the construction which the parties themselves placed on the contract, i. e., that the grantees did maintain, support and care for the grantors for some months.

---

do what they can, during their Naturial life, this agreement shall remain the same should the said Kenneth P. Ziegenfuss, Die before we the party of the other Part then his said Wife look after them the Said Amos V. Ziegenfuss and Mary J. Ziegenfuss, His wife in the same manner as if her said Husband were living, and after we are gone to our last resting place then the said property shall be as deeded in the First place,

"In witness whereof" etc.

The second contention of the appellants is that neither a reconveyance nor a cancellation of a deed may be decreed because of a total or partial failure of consideration; that such decree must be based upon initial fraud, and that initial fraud was not shown. Appellants' statement is correct as a general rule, as stated in *Sellers v. Sellers,* 316 Pa. 404, 175 A. 401, and the cases therein cited. But in those cases there actually was no breach by the grantees of the parol contract, but the grantor himself created impossibility of performance.

However that may be, an "exception" exists where the conveyance is between parents on the one hand and children on the other (and indeed in other family relationships), and where the parties to the deed are to live together in the premises conveyed. In such an instance the rule in almost all jurisdictions,[2] including Pennsyl-

[2] 112 A. L. R. 670, which lists Alabama (which also has a statute of the same import), Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Illinois, Indiana, Iowa, Kansas, Kentucky, Maryland, Michigan, Minnesota, Missouri, Montana, Nebraska, New Mexico, New York, Ohio, Oklahoma, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Vermont, Virginia, Washington, West Virginia and Wisconsin. To this must be added Pennsylvania under the case of *Swartz v. Hafer*, 354 Pa. 320, 47 A. 2d 224, decided subsequently to the annotation. Florida, Georgia (unless the grantee is insolvent), Mississippi, North Carolina, South Carolina and Texas apparently maintain the minority view, as did the courts of certain other states, which have, however, later intimated that the majority rule would be followed.

Pennsylvania has not yet defined the circumstances or situation of the parties which permit a decree of reconveyance for failure of consideration, total or partial. Nor has too much been said as to the legal theory in operation. Courts have spoken of an exception to the general rule; but when reasons are offered a large number hold that the chancellor may find inceptive fraud by virtue of the subsequent breach. If so, there is no exception, but the case is within the general rule of inceptive fraud. Nor is it stated what kind of breach justifies a decree, that is, whether intentional or unavoidable, as where serious illness prevents performance by the grantee, or the grantee dies. The rule definitely exists. There should be an exposition of it, but this is not the place therefor.

vania, is that a reconveyance may be ordered upon either a partial or total failure of consideration. In *Swartz v. Hafer et al.,* 354 Pa. 320, 47 A. 2d 224, Justice JONES wrote for the court (page 323) : "Even where no specific provision has been made [in the initial deed or agreement] for a reconveyance of a property conveyed under circumstances similar to the present [a voluntary deed to the grantor's niece, who was to move into the premises and keep and care for her], a failure of the grantees to perform the services for which they are obligated justifies an order requiring a reconveyance: see Borys v. Halko, 124 Pa. Superior Ct. 418, 188 A. 539."

The case was painstakingly dealt with by the chancellor, Judge LAUB, whose findings, conclusions, opinion and decree are convincingly correct.

Decree affirmed at the cost of the appellants.