POPOVITCH v. KASPERLIK.

Civ. A. No. 3605.

District Court, W. D. Pennsylvania.

Nov. 12, 1947.

Martin E. Cusick (of Service, McNeal, Cusick & Isenberg) and Samuel Chiccarino, all of Sharon, Pa., for plaintiff.

John L. Miller (of Duff, Scott & Smith), of Pittsburgh, Pa., and Edwin L. Stanley (of Williams, Stanley & Andrews), of Youngston, Ohio, for defendant.

GOURLEY, District Judge.

This matter comes before the Court on motion for new trial filed by Steve Popovitch, plaintiff, pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Moore's Federal Practice, Vol. 3, p. 3249.

Rule 59(a) of the Federal Rules of Civil Procedure provides as follows:

"Rule 59. New Trials.

"(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

The plaintiff brought this action in equity for cancellation of a deed and after full and complete hearing, the Court entered the following judgment in favor of the defendant: "Now this 28th day of February, 1947, the Complaint or Bill in Equity filed for the cancellation of the deed referred to therein is refused, and judgment is, therefore, entered in favor of the defendant and against the plaintiff together with the costs of the proceeding."

The motion for a new trial filed pursuant to Rule 59(a) of the Federal Rules of Civil Procedure sets forth as follows:

"And now, March 8, 1947, comes the plaintiff above named and respectfully represents to this Honorable Court:

"(1) That on February 28, 1947, a judgment was entered in the above case in favor of the defendant as follows:

'Now this 28th day of February, 1947, the Complaint or Bill in Equity filed for the cancellation of the deed referred to therein is refused, and judgment is, therefore, entered in favor of the defendant and against the plaintiff together with the costs of the proceeding.'

"(2) That in Finding of Fact Number 12, the Court found, inter alia: 'it was the intention of the parties that the defendant would provide the plaintiff with the necessities and needs which he might require for and during the term of the plaintiff's life if the income, issues, rents and profits therefrom were not sufficient to maintain him in the station of life to which he had been accustomed.'

"(3) That in Finding of Fact Number 15, the Court found: 'The defendant has not contributed any money to the maintenance and support of the plaintiff since the date of the deed, to wit, September 18, 1941, other than permitting the plaintiff to have all the rents, issues, incomes and profits from said real estate.'

"(4) That in Finding of Fact Number 16, the Court found: 'That although it is

the duty and obligation of the defendant to provide the plaintiff with any additional income which he might require in order to maintain him in the station of life to which he had been accustomed if the rents, issues, income and profits from the real estate are not sufficient so to do, there is no evidence that the plaintiff has been unable to maintain himself in the manner to which he had been accustomed.'

"(5) That in Finding of Fact Number 19, the Court found: 'The defendant paid no actual money consideration or gave any value for the interest which was received in said real estate. However, the defendant is obligated to provide the plaintiff with such additional income as the plaintiff might need or require for and during the term of the remainder of his life if the rents, issues, profits and income are not sufficient so to do.'

"(6) That in the trial of the case the plaintiff inadvertently failed or omitted to prove the amount of the annual taxes, insurance premiums and the cost of repairs and maintenance he is required to expend each year for said property.

"(7) That in the trial of said case the plaintiff inadvertently failed or omitted to prove that after the payment of taxes, insurance and expenses of upkeep and maintenance, that he does not have sufficient income to maintain himself in the station of life to which he has been accustomed.

"Wherefore, the plaintiff moves this Honorable Court that a new trial may be granted herein only as to the issues set forth in this motion and that he be given leave to present evidence:

"(a) As to the amount of the annual taxes, insurance premiums and expense of repairs and maintenance of said properties;

"(b) As to the cost of the plaintiff's maintenance and as to the inadequacy of the income from said properties to maintain him after the payment of taxes, insurance premiums and the expense of repairs and maintenance of said properties.

"Hence this motion."

It is first necessary to consider the allegations in the Bill of Complaint upon which the plaintiff based his claim for equitable relief:

"(4) That on September 18, 1941, the plaintiff was fraudulently induced by the defendant to make, execute and deliver a deed for all of his real estate known and designated as Lot No. 33 in the Lally and Irvine Addition situate at the northeast corner of George and New Castle Street, Sharon, Mercer County, Pennsylvania, said deed having been recorded on October 6, 1941, in the Recorder's Office of Mercer County, Pennsylvania, in Deed Book H, Volume 17, page 164, * * *.

"(5) The plaintiff, by reason of his illiteracy, was unable to read the said deed and the same was not read to him but, trusting to the representation made by the defendant that the paper was a Will, he signed the same because of the representation of the defendant, his daughter, that if he did not execute a Will the State would take all of his property and put him out on the street.

"(6) The plaintiff received no consideration for the execution of said deed and since the execution and delivery of the same, the plaintiff and defendant have entered into two agreements, on September, 1941, and June 5, 1942, whereby a clause reserving the life estate unto the plaintiff was cancelled by the agreement of September, 1941. In the latter agreement of June 5, 1942, the said agreement of September, 1941, was cancelled, thereby affecting a restoration of the covenant reserving the life estate unto the plaintiff in said property, * * *.

"(7) It was not until subsequent to June 5, 1942, * * *, that the plaintiff discovered that his daughter, the defendant, had a full and complete fee simple title to his property, subject to a life estate in the plaintiff, since which date the plaintiff has endeavored to resume control of his estate and has repeatedly requested the defendant to re-convey the property to him; that she has failed and refused and still persists in her refusal to execute and deliver a deed to him for his said property.

"(8) The plaintiff avers and charges that the said deed and agreements were procured by means of fraud and false repre-

sentations and were wholly without consideration."

It was, in substance, the contention of the plaintiff that the defendant be decreed to execute a reconveyance of the real estate involved in said proceeding to the plaintiff for the following reasons:

1. That the plaintiff was fraudulently induced by the defendant to make, execute and deliver said conveyance.

2. That the plaintiff, by reason of his illiteracy, was unable to read said deed and the same was not read to him, and the plaintiff, therefore, trusted to the representations of the defendant who stood in a confidential relationship to him.

3. That the defendant paid no consideration to the plaintiff for the execution of the deed, and that the same was procured by means of fraud and false representations perpetrated by the defendant on the plaintiff.

The plaintiff contends that the Court should favorably consider the motion for a partial new trial and grant a rehearing for the purpose of permitting additional testimony to be introduced to enable the Court to make a proper decree, render substantial justice and avoid the necessity of further litigation. This motion is premised on the following findings of fact made by the Court [70 F.Supp. 376, 386]:

"12. The plaintiff re-affirmed and ratified the execution of said deed by the execution of the agreement on the 5th day of June, 1942. It was fully understood by him and the defendant that under the terms and provisions of the agreement of June 5, 1942, it was the intention of the parties that the defendant would provide the plaintiff with the necessities and need which he might require for and during the term of the plaintiff's life if the incomes, issues, rents and profits therefrom were not sufficient to maintain him in the station of life to which he had been accustomed. * * *

"15. The defendant has not contributed any money to the maintenance and support of the plaintiff since the date of the deed, to wit, September 18, 1941, other than permitting the plaintiff to have all the rents, issues, incomes and profits from said real estate.

"16. That although it is the duty and obligation of the defendant to provide the plaintiff with any additional income which he might require in order to maintain him in the station of life to which he had been accustomed if the rents, issues, income and profits from the real estate are not sufficient so to do, there is no evidence that the plaintiff has been unable to maintain himself in the manner to which he had been accustomed. * * *

"19. The defendant paid no actual money consideration or gave any value for the interest which was received in said real estate. However, the defendant is obligated to provide the plaintiff with such additional income as the plaintiff might need or require for and during the term of the remainder of his life if the rents, issues, profits and income are not sufficient so to do."

The legal theory now presented by the plaintiff is based on the proposition that "where deeds are given in consideration of support, equity will, upon the grantee's failure or refusal to furnish support in accordance with the promise, decree cancellation or rescission on equitable terms".

It is a general rule that a deed which is otherwise valid will not be invalidated by reason of a total or partial failure of consideration. This is true where the deed is made between a parent and child for the support and maintenance of a parent since such conveyance is not fraudulent per se. However, there is an exception, where the deed is given in consideration of support, although there is no specific provision in the deed wherein it is provided that a reconveyance of the property should be made where the grantee fails or neglects to provide said support or maintenance. A court of equity will upon the grantee's failure or refusal to furnish support in accordance with the promise, decree cancellation or rescission of the instrument on equitable terms. Shook v. Bergstrasser et ux., 356 Pa. 167, 51 A.2d 681; 26 C.J.S., Deeds, § 21b, Restatement of the Law, Contracts, Section 354, p. 610; Loar v. Poling, 107 W.Va. 280, 148 S.E. 114, 64 A.L.R. 1250; Caramini v. Tegulias, 121 Conn. 548, 186 A. 482, 112 A.L.R. 670; Swartz v. Hafer et al.,

354 Pa. 320, 47 A.2d 224; Borys v. Halko et ux., 124 Pa.Super. 418, 188 A. 539; Ziegenfuss v. Ziegenfuss, 160 Pa.Super. 374, 51 A.2d 508.

On the basis of the pleadings which were joined in issue, if testimony had been offered in support of the legal theory just referred to, it would have been subject to proper objection for the reason that there would have been a material variance between the allegata and probata.

■ If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the Court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the Court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The Court may grant a continuance to enable the objecting party to meet such evidence.

If the plaintiff were able to establish the facts which have been set forth in the motion for a partial new trial, it is possible that the plaintiff would be entitled to cancellation of the instrument, or a rescission thereof on equitable terms. However, if any relief were granted, it would be based on an entirely different legal principle, and require the adjudication of issues not raised by the pleadings.

Under the provisions of Rule 59(a) of the Federal Rules of Civil Procedure, it does not appear proper to grant the action for a partial new trial. There are no allegations in the Bill of Complaint to support the evidence which the plaintiff desires to present, and the question now raised· has not been properly placed at issue.

It is well to consider whether similar relief should be granted the plaintiff under other provisions of the Federal Rules of Civil Procedure.

Rule 8(e) (2) of the Federal Rules of Civil Procedure provides as follows: "(2) A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses.

When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. * * *."

■ Consideration will be given if allowance should be granted the plaintiff to file either a supplemental or amended bill of complaint.

Rule 15 of the Federal Rules of Civil Procedure provides as follows:

"Rule 15. Amended and Supplemental Pleadings.

"(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

"(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and

shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

"(d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. If the court deems it advisable that the adverse party plead thereto, it shall so order, specifying the time therefor."

The office of a supplemental pleading is not to set forth newly discovered evidence which would justify a new trial, it is rather to bring into the record new facts which will enlarge or change the kind of relief to which a plaintiff is entitled. Southern Pacific Co. v. Conway, 9th Cir., 115 F.2d 746.

A new cause of action differing from that which formed the basis of the original complaint cannot be introduced into the case by a supplemental pleading. Fundamentally a "supplemental bill" is a mere addition or continuation of the original bill or complaint. Jurisdiction to entertain a supplemental bill can only be granted where the bill is designed to aid or effectuate a prior decree or to seek relief not of a different kind or on a different principle but along the same lines as the original bill. Berssenbrugge et al. v. Luce Mfg. Co., D.C., 30 F.Supp. 101; Dugas v. American Surety Co., 300 U.S. 414, 57 S.Ct. 515, 81 L.Ed. 720; Federal Rules of Civil Procedure, Rule 15(d), 28 U.S. C.A. following section 723c.

The granting of a partial new trial in the instant case for the reasons presented by the plaintiff would not enlarge or change the kind of relief to which the plaintiff would be entitled. The same relief would be demanded but on an entirely different theory or legal principle. It would not be proper under the circumstances to permit the plaintiff to file a supplemental bill of complaint.

It has not been stated in the motion for partial new trial whether it is claimed the defendant failed and neglected to maintain the plaintiff in the station of life to which he had been previously accustomed, and that he was unable to so maintain himself from the rent, income, issues and profits of said real estate in which he retained a life estate before the bill of complaint was filed on October 30, 1944, or at a period subsequent to said date.

It is the duty of the Court to render justice and consider whether the plaintiff should be required to file a new action, instead of permitting an amendment to the original bill of complaint which would base the cause of action upon an entirely different theory than that upon which the issues have been tried by the Court. Since this proceeding is in equity, it would appear to me unnecessary and undesirable, in view of the limited financial resources of the plaintiff, to require the filing of a new bill of complaint if such can be avoided on the basis of sound legal principles

If the plaintiff has a cause of action on any theory of law, he should be given leave to assert it, and leave shall be freely given to amend pleadings when justice so requires. Blake v. Clyde Porcelain Steel Corp., D.C., 7 F.R.D. 768.

The amendment of a pleading should be allowed unless there is a substantial change in the cause of action as originally alleged. The term "cause of action" refers to the specified conduct of the defendant upon which the plaintiff bases his claim for relief. The use of the words "claim" or "claim for relief" in place of the term "cause of action" refer to the specified conduct of the defendant upon which the plaintiff tries to enforce his claim. An amendment should be allowed

where the factual situation is not changed even though a different theory of recovery is presented. White v. Holland Furnace Co., D.C., 31 F.Supp. 32, 33.

■ I am aware amendments to pleadings should be allowed with great liberality at any stage of the case unless to so permit would be violative of settled law, or prejudice the rights of the opposing party. Justice should not be defeated through a mere mistake as to the form of the action. I do not believe justice requires leave being granted to amend pleadings after the issues raised have been adjudicated by the Court. There is not a mistake in the form of action in this case. The legal questions raised in the pleadings have been adjudicated on the basis of the testimony presented.

In the trial of this proceeding the plaintiff offered no testimony that he was unable to maintain himself from the income, rents, issues or profits from the real estate in accordance with the position in life to which he had been previously accustomed. I can appreciate this was not done for the reason that his counsel had not set forth allegations in the original bill of complaint which would have justified or permitted the introduction of testimony to establish this fact. The Court in its findings of fact made reference to this situation for the reason that it was realized that such responsibility existed on the part of the defendant if the plaintiff was unable to properly and sufficiently maintain himself.

■ The tests to be applied when the question arises whether an amended complaint should be permitted are—would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required.

■ The judgment which the Court has rendered would not bar further action by the plaintiff against the defendant since an entirely new legal theory is presented which could require the production of testimony which is not in the record. The same measure of damages or relief to be granted could materially vary when consideration is given to the legal theory now presented. The same defense is definitely not available as compared with that presented at the time of trial, and the same measure of proof would not necessarily be required.

It would be improper to grant plaintiff the right to file an amended bill of complaint, and I have heretofore stated in this opinion it would be irregular to permit the filing of a supplemental bill of complaint.

■ Search as I have, there does not appear to be any sound reason which will relieve the plaintiff from the necessity of filing a new complaint in support of the basic claim for relief which he now presents.

The refusal of the motion for partial new trial cannot in any way prejudice the right of the plaintiff to file a new action against the defendant which would relate to any theory of law or factual situation not disposed of in this proceeding.