Lafayette *v.* Brinham, Appellant.

Argued September 29, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charles H. Coffroth, Robert I. Boose* and *Coffroth & Boose,* for appellant.

*Leland W. Walker,* for appellee.

Opinion by Mr. Justice Linn, November 14, 1949:

Defendant appeals from a decree requiring him to re-convey to plaintiff the interest in land transferred to him by plaintiff. After making findings of fact support-ing essential averments in defendant's answer and negativing the only averments made by plaintiff on which a decree in his favor could be sustained, the court held, on construing the deed, that, in law, it was in-effective for the purpose intended and should be set aside.

The plaintiff, in his 79th year, conveyed certain real estate (substantially all his property) to himself and his step-son, the defendant, as joint tenants with the right of survivorship. He sued for re-conveyance on averments that when he improvidently executed the deed he was recovering from a period of intoxication and did not know what he was doing; his bill avers that he made the deed "while under a temporary physical and mental disability and without any consideration"; that "he was suffering and recovering from a physical disability . . . which condition was being alleviated and controlled by hypnotic drugs rendering [him] mentally incompetent to the end that he did not realize the import of the deed he was signing or the legal effect thereof. . . ." The defendant filed a responsive answer denying the essen-tial averments on which plaintiff relied. Among other averments in his answer are the following: "On the contrary, it is averred that the plaintiff, of his own free and voluntary choice and decision, conveyed to the de-fendant, as a gift, an interest in said property as equal joint tenant with the plaintiff. The defendant further avers that the said gift was made to the defendant with the understanding that the plaintiff should have the exclusive possession of said property, and the exclusive right to all the rents and profits from said property, during the plaintiff's lifetime. . . . On the contrary, the defendant avers that the plaintiff does not need and

require title to the said property for his maintenance and the payment of his debts for the reason that the plaintiff is now receiving all of the rents and profits from the said property, and is occupying the same without the payment of rent, and the defendant further avers that the plaintiff is receiving as rent from tenants occupying the said property the sum of approximately Ninety-eight ($98.00) Dollars per month, and the plaintiff's occupancy of the said property and his receipt of the said rents and profits are in full accordance with the understanding of the parties as aforesaid that the plaintiff shall have the exclusive possession and the right to the rents and profits of said property during the lifetime of the plaintiff."

The court heard the case and from the evidence made certain findings which should have required the dismissal of the bill. Among the findings are: "7. During the month of August 1946, and extending into the month of September, the plaintiff was on one of his protracted periodical debauches, which made him so sick that he was confined to his bed much of the time.

"8. On August 9, 1946, the defendant, probably in response to a telephone call from a neighbor, Jay O. Hay, informing him of the plaintiff's then condition, visited his step-father in Boswell and found that he was somewhat indisposed and had been drinking. From neighbors he learned that the plaintiff was contemplating a sale of his property. The defendant stayed with his step-father that night, occupying the same bedroom; and the next morning, August 10, 1946, they had a conversation regarding the sale of his property, when the defendant, fearing that his step-father would get into trouble with the disposal of his property, ask[ed] him if he 'would consider making a joint deed,' to which the plaintiff voluntarily assented.

"9. Following this conversation, the plaintiff and the defendant went to the office of John Kircher, a

Justice of the Peace of Boswell Borough, when the plaintiff requested him to write a deed conveying his property to himself and the defendant as joint tenants. The deed was written as requested, and was executed, acknowledged and delivered by the plaintiff, who instructed said Justice of the Peace to have the deed recorded in the Recorder's office at Somerset, Pa.

"10. On the day the said deed of conveyance was executed, acknowledged and delivered, the plaintiff was not drinking and was not under the influence of intoxicating liquor. The scrivener believed that he was apparently normal, although 'he had the appearance of awakening from a long spree.'

"11. There is no evidence of any fraud, coercion or overreaching practiced by the defendant upon the plaintiff to procure said deed of conveyance."

In the course of his discussion of the case, the chancellor said, "that during the month of August, 1946, he [plaintiff] was on one of his protracted periodical debauches; that on the 9th day of August, 1946, when visited by the defendant he had been drinking and was somewhat indisposed; but that on August 10, 1946, when the deed was executed, acknowledged and delivered, the plaintiff was not drinking or under the influence of intoxicating liquor. No medical evidence was produced to prove that the plaintiff's long periodical use of alcoholic liquor had so weakened his mind as to render him incapable of intelligently executing and delivering said deed, and understanding the nature and consequences of his act."

In such circumstances one would expect a decree dismissing the bill. The learned chancellor, apparently recognizing that plaintiff's evidence had failed to sustain the averments of his bill, said, "Assuming, as we do, that the plaintiff was mentally competent and capable to execute and deliver said deed to the defendant, it was entirely ineffectual to accomplish the intended object

and purpose in the minds of the grantor and grantee." He then held that the conveyance by plaintiff to himself and defendant (instead of through a "straw man") as joint tenants failed because "There was neither unity of interest, title, time nor possession. In legal effect, said deed purporting to create a joint tenancy, conveyed to the defendant only an undivided one-half interest to the defendant, thereby creating a tenancy in common, and not a joint tenancy, with the right of survivorship: . . ."

We must reject the conclusion of the learned chancellor. See the Uniform Interparty Agreement Act of May 13, 1927, P. L. 984, 69 PS 541 et seq., as amended, considered in *Vandergrift's Estate*, 105 Pa. Superior Ct. 293, 161 A. 898 (1932). The deed created a valid joint tenancy with the right of survivorship. The Act of March 31, 1812, 5 Sm. L. 395, 20 PS 121, abolished survivorship as an incident of joint tenancy but did not prevent the creation of the right of survivorship: *Arnold v. Jack's Executors*, 24 Pa. 57 (1854) ; *Redemptorist Fathers v. Lawler*, 205 Pa. 24, 54 A. 487 (1903) ; *Maxwell et al. v. Saylor*, 359 Pa. 94, 58 A. 2d 355 (1948). The four unities* were present: the parties took a fee (unity of interest) ; the estate of both was created by a single deed (unity of title) ; their interests vested at the same time (unity of time) ; each was entitled to possession of the whole (unity of possession).

It is of no legal importance in disposing of this appeal that the consideration of one dollar was not paid: compare *Henricks et al. v. Bertolet et al.*, 342 Pa. 228, 230, 20 A. 2d 292 (1941). We may note that the deed does not provide for the undertaking of the defendant averred in his answer, to the effect that plaintiff should have exclusive possession and the exclusive right to all

---

* See 2 Blackstone's Commentaries, chapter XII; *Madden et al. v. Gosztonyi Savings & Trust Co.*, 331 Pa. 476, 200 A. 624 (1938) ; *Cochrane's Estate*, 342 Pa. 108, 20 A. 2d 305 (1941).

the rents and profits during his lifetime. We must of course assume that defendant will give or will be required to give effect to his agreement: See *Shook v. Bergstrasser et ux.*, 356 Pa. 167, 51 A. 2d 681 (1947); *Swartz v. Hafer*, 354 Pa. 320, 47 A. 2d 224 (1946); *Ziegenfuss v. Ziegenfuss et ux.*, 160 Pa. Superior Ct. 374, 51 A. 2d 508 (1947).

The decree is reversed and the record is remitted with instructions to enter a decree dismissing the bill. The costs shall be paid by Brinham the defendant-appellant.